EXHIBIT A-1

PROMISSORY NOTE

**TIER-A TERM NOTE**

$_____          New York, New York          *[Date]

     FOR VALUE RECEIVED, the undersigned, EOTT ENERGY OPERATING LIMITED PARTNERSHIP, a Delaware limited partnership and a debtor and debtor in possession, EOTT ENERGY CANADA LIMITED PARTNERSHIP, a Delaware limited partnership and a debtor and debtor in possession, EOTT ENERGY LIQUIDS, L.P., a Delaware limited partnership and a debtor and debtor in possession, EOTT ENERGY PIPELINE LIMITED PARTNERSHIP, a Delaware limited partnership and a debtor and debtor in possession (herein collectively called "**Borrowers** "), hereby jointly and severally promise  to pay to the order of _____, a *[_____ ] (herein called "**Term Lender**"), the principal sum of _____ Dollars ($_____), or, if greater or less, the aggregate unpaid principal amount of the Term Loan made under this Note by Term Lender to Borrowers pursuant to the terms of the Loan Agreement (as hereinafter defined), together with interest on the unpaid principal balance thereof at the rate of nine percent (9%) per annum, calculated on the basis of a 360 day year and the actual number of days elapsed.  Both principal and interest shall be payable as herein provided in lawful money of the United States of America by payment to the Collateral Agent to be applied as set forth in the Intercreditor Agreement.

     This Note (a) is issued and delivered under that certain Debtor In Possession Term Loan Agreement of even date herewith among Borrowers, EOTT Energy Partners, L.P. and EOTT Energy General Partner, L.L.C., as guarantors, Lehman Brothers, Inc., as Term Loan Agent, and the term lenders (including Term Lender) referred to therein (herein, as from time to time supplemented, amended or restated, called the "**Loan Agreement** "), and is a "**Tier-A Term Note**" as defined therein, (b) is subject to the terms and provisions of the Loan Agreement, which contains provisions for payments and prepayments hereunder and acceleration of the maturity hereof upon the happening of certain stated events, and (c) is secured by and entitled to the benefits of certain Security Documents (as identified and defined in the Loan Agreement). Payments on this Note shall be made and applied as provided herein and in the Loan Agreement. Reference is hereby made to the Loan Agreement for a description of certain rights, limitations of rights, obligations and duties of the parties hereto and for the meanings assigned to terms used and not defined herein and to the Security Documents for a description of the nature and extent of the security thereby provided and the rights of the parties thereto.

     The principal amount of this Note, together with all interest accrued hereon, shall be due and payable in full on the Maturity Date.  Interest on this Note shall be due and payable monthly

1

1499098.2

as it accrues on each Monthly Payment Date, beginning November 1, 2002, and continuing regularly thereafter until this Note has been paid in full.

If an Event of Default has occurred and is continuing, all Obligations from time to time outstanding hereunder shall bear interest at the Default Rate.  Notwithstanding the foregoing provisions of this Note: (a) this Note shall never bear interest in excess of the Highest Lawful Rate, and (b) if at any time the rate at which interest is payable on this Note is limited by the Highest Lawful Rate this Note shall bear interest at the Highest Lawful Rate and shall continue to bear interest at the Highest Lawful Rate until such time as the total amount of interest accrued hereon equals (but does not exceed) the total amount of interest which would have accrued hereon had there been no Highest Lawful Rate applicable hereto.

Notwithstanding the foregoing paragraph and all other provisions of this Note, in no event shall the interest payable hereon, whether before or after maturity, exceed the maximum amount of interest which, under applicable Law, may be contracted for, charged, or received on this Note, and this Note is expressly made subject to the provisions of the Loan Agreement which more fully set out the limitations on how interest accrues hereon.  In the event applicable Law provides for an interest ceiling under Chapter 303 of the Texas Finance Code (the "Texas Finance Code") as amended, for that day, the ceiling shall be the "weekly ceiling" as defined in the Texas Finance Code and shall be used in this Note for calculating the Highest Lawful Rate and for all other purposes.  The term "applicable Law" as used in this Note shall mean the laws of the State of New York or the laws of the United States, whichever laws allow the greater interest, as such laws now exist or may be changed or amended or come into effect in the future.

If this Note is placed in the hands of an attorney for collection after default, or if all or any part of the indebtedness represented hereby is proved, established or collected in any court or in any bankruptcy, receivership, debtor relief, probate or other court proceedings, each Borrower and all endorsers, sureties and guarantors of this Note jointly and severally agree to pay reasonable attorneys' fees and collection costs to the holder hereof in addition to the principal and interest payable hereunder.

Each Borrower and all endorsers, sureties and guarantors of this Note hereby severally waive demand, presentment, notice of demand and of dishonor and nonpayment of this Note, protest, notice of protest, notice of intention to accelerate the maturity of this Note, declaration or notice of acceleration of the maturity of this Note, diligence in collecting, the bringing of any suit against any party and any notice of or defense on account of any extensions, renewals, partial payments or changes in any manner of or in this Note or in any of its terms, provisions and covenants, or any releases or substitutions of any security, or any delay, indulgence or other act of any trustee or any holder hereof, whether before or after maturity.

2

1499098.2

This Note and the rights and duties of the parties hereto shall be governed by the Laws of the State of New York (without regard to principles of conflicts of law), except to the extent the same are governed by applicable federal Law.

        EOTT ENERGY OPERATING LIMITED PARTNERSHIP,
as a Borrower and as the Borrower Representative

By:  EOTT ENERGY GENERAL PARTNER, L.L.C., its General Partner

By: _____
    Name:    Susan Ralph
    Title:    Treasurer

EOTT ENERGY CANADA LIMITED PARTNERSHIP,
as a Borrower

By:  EOTT ENERGY GENERAL PARTNER, L.L.C., its General Partner

By: _____
    Name:    Susan Ralph
    Title:    Treasurer

EOTT ENERGY LIQUIDS, L.P.,
as a Borrower

By:  EOTT ENERGY GENERAL PARTNER, L.L.C., its General Partner

By: _____
    Name:    Susan Ralph
    Title:    Treasurer

EOTT ENERGY PIPELINE LIMITED PARTNERSHIP,
as a Borrower

By: EOTT ENERGY GENERAL PARTNER, L.L.C., its General Partner

By: _____
    Name:    Susan Ralph
    Title:     Treasurer

1499098.1

EXHIBIT A-2

PROMISSORY NOTE

**TIER-B TERM NOTE**

$_____                New York, New York                *[Date]

      FOR VALUE RECEIVED, the undersigned, EOTT ENERGY OPERATING LIMITED PARTNERSHIP, a Delaware limited partnership and a debtor and debtor in possession, EOTT ENERGY CANADA LIMITED PARTNERSHIP, a Delaware limited partnership and a debtor and debtor in possession, EOTT ENERGY LIQUIDS, L.P., a Delaware limited partnership and a debtor and debtor in possession, EOTT ENERGY PIPELINE LIMITED PARTNERSHIP, a Delaware limited partnership and a debtor and debtor in possession (herein collectively called "**Borrowers** "), hereby jointly and severally promise to pay to the order of _____, a *[_____ ] (herein called "**Term Lender**"), the principal sum of _____ Dollars ($_____), or, if greater or less, the aggregate unpaid principal amount of the Term Loan made under this Note by Term Lender to Borrowers pursuant to the terms of the Loan Agreement (as hereinafter defined), together with interest on the unpaid principal balance thereof at the rate of ten percent (10%) per annum, calculated on the basis of a 360 day year and the actual number of days elapsed.  Both principal and interest shall be payable as herein provided in lawful money of the United States of America by payment to the Collateral Agent to be applied as set forth in the Intercreditor Agreement.

      This Note (a) is issued and delivered under that certain Debtor In Possession Term Loan Agreement of even date herewith among Borrowers, EOTT Energy Partners, L.P. and EOTT Energy General Partner, L.L.C., as guarantors, Lehman Brothers, Inc., as Term Loan Agent, and the term lenders (including Term Lender) referred to therein (herein, as from time to time supplemented, amended or restated, called the "**Loan Agreement** "), and is a "**Tier-B Term Note**" as defined therein, (b) is subject to the terms and provisions of the Loan Agreement, which contains provisions for payments and prepayments hereunder and acceleration of the maturity hereof upon the happening of certain stated events, and (c) is secured by and entitled to the benefits of certain Security Documents (as identified and defined in the Loan Agreement). Payments on this Note shall be made and applied as provided herein and in the Loan Agreement. Reference is hereby made to the Loan Agreement for a description of certain rights, limitations of rights, obligations and duties of the parties hereto and for the meanings assigned to terms used and not defined herein and to the Security Documents for a description of the nature and extent of the security thereby provided and the rights of the parties thereto.

      The principal amount of this Note, together with all interest accrued hereon, shall be due and payable in full on the Maturity Date.  Interest on this Note shall be due and payable monthly

1

as it accrues on each Monthly Payment Date, beginning November 1, 2002, and continuing regularly thereafter until this Note has been paid in full.

If an Event of Default has occurred and is continuing, all Obligations from time to time outstanding hereunder shall bear interest at the Default Rate.  Notwithstanding the foregoing provisions of this Note: (a) this Note shall never bear interest in excess of the Highest Lawful Rate, and (b) if at any time the rate at which interest is payable on this Note is limited by the Highest Lawful Rate this Note shall bear interest at the Highest Lawful Rate and shall continue to bear interest at the Highest Lawful Rate until such time as the total amount of interest accrued hereon equals (but does not exceed) the total amount of interest which would have accrued hereon had there been no Highest Lawful Rate applicable hereto.

Notwithstanding the foregoing paragraph and all other provisions of this Note, in no event shall the interest payable hereon, whether before or after maturity, exceed the maximum amount of interest which, under applicable Law, may be contracted for, charged, or received on this Note, and this Note is expressly made subject to the provisions of the Loan Agreement which more fully set out the limitations on how interest accrues hereon.  In the event applicable Law provides for an interest ceiling under Chapter 303 of the Texas Finance Code (the "Texas Finance Code") as amended, for that day, the ceiling shall be the "weekly ceiling" as defined in the Texas Finance Code and shall be used in this Note for calculating the Highest Lawful Rate and for all other purposes.  The term "applicable Law" as used in this Note shall mean the laws of the State of New York or the laws of the United States, whichever laws allow the greater interest, as such laws now exist or may be changed or amended or come into effect in the future.

If this Note is placed in the hands of an attorney for collection after default, or if all or any part of the indebtedness represented hereby is proved, established or collected in any court or in any bankruptcy, receivership, debtor relief, probate or other court proceedings, each Borrower and all endorsers, sureties and guarantors of this Note jointly and severally agree to pay reasonable attorneys' fees and collection costs to the holder hereof in addition to the principal and interest payable hereunder.

Each Borrower and all endorsers, sureties and guarantors of this Note hereby severally waive demand, presentment, notice of demand and of dishonor and nonpayment of this Note, protest, notice of protest, notice of intention to accelerate the maturity of this Note, declaration or notice of acceleration of the maturity of this Note, diligence in collecting, the bringing of any suit against any party and any notice of or defense on account of any extensions, renewals, partial payments or changes in any manner of or in this Note or in any of its terms, provisions and covenants, or any releases or substitutions of any security, or any delay, indulgence or other act of any trustee or any holder hereof, whether before or after maturity.

2

1499098.1

     This Note and the rights and duties of the parties hereto shall be governed by the Laws of the State of New York (without regard to principles of conflicts of law), except to the extent the same are governed by applicable federal Law.

          EOTT ENERGY OPERATING LIMITED PARTNERSHIP,
as a Borrower and as the Borrower Representative

By:  EOTT ENERGY GENERAL PARTNER, L.L.C., its General Partner

    By: _____
       Name:    Susan Ralph
       Title:     Treasurer

EOTT ENERGY CANADA LIMITED PARTNERSHIP,
as a Borrower

By:  EOTT ENERGY GENERAL PARTNER, L.L.C., its General Partner

    By: _____
       Name:    Susan Ralph
       Title:     Treasurer

EOTT ENERGY LIQUIDS, L.P.,
as a Borrower

By:  EOTT ENERGY GENERAL PARTNER, L.L.C., its General Partner

    By: _____
       Name:    Susan Ralph
       Title:     Treasurer

        EOTT ENERGY PIPELINE LIMITED PARTNERSHIP,
as a Borrower

By:  EOTT ENERGY GENERAL PARTNER, L.L.C., its General Partner

    By: _____
        Name:    Susan Ralph
        Title:     Treasurer

1499098.1

EXHIBIT B

## BORROWING NOTICE

Reference is made to that certain Debtor In Possession Term Loan Agreement dated as of October __, 2002 (as from time to time amended, the "**Agreement**"), by and among EOTT ENERGY OPERATING LIMITED PARTNERSHIP, a Delaware limited partnership and a debtor and debtor in possession, EOTT ENERGY CANADA LIMITED PARTNERSHIP, a Delaware limited partnership and a debtor and debtor in possession, EOTT ENERGY LIQUIDS, L.P., a Delaware limited partnership and a debtor and debtor in possession, EOTT ENERGY PIPELINE LIMITED PARTNERSHIP, a Delaware limited partnership and a debtor and debtor in possession (collectively, "**Borrowers**"), EOTT Energy Partners, L.P. and EOTT Energy General Partner, L.L.C., as guarantors, Lehman Brothers, Inc., as Term Lender Agent, and the term lenders from time to time party thereto ("**Term Lenders**").  Terms which are defined in the Agreement are used herein with the meanings given them in the Agreement.  Pursuant to the terms of the Agreement the Borrower Representative, on behalf of the Borrowers, hereby requests the Term Loans to be advanced pursuant to Section 2(b) of the Agreement on October __, 2002.

To induce Term Lenders to make the Term Loans, Borrowers hereby represent, warrant, acknowledge, and agree to and with Term Lender Agent and each Term Lender that:

(a) The officer of the Borrower Representative signing this instrument is the duly elected, qualified and acting officer of the Borrower Representative as indicated below such officer's signature hereto having all necessary authority to act for the Borrower Representative in making the request herein contained.

(b) The representations and warranties of Borrowers set forth in the Agreement and the other Credit Documents are true and correct on and as of the date hereof (except to the extent that the facts on which such representations and warranties are based have been changed by the Extension of Credit under the Agreement), with the same effect as though such representations and warranties had been made on and as of the date hereof.

(c) There does not exist on the date hereof any condition or event which constitutes a Default or Event of Default; nor will any such Default or Event of Default exist upon Borrowers' receipt and application of the Term Loans.  Borrowers will use the Term Loans in compliance with Section 2(d) of the Agreement.

(d) Borrowers have performed and complied with all agreements and conditions in the Agreement required to be performed or complied with by Borrowers on

1499098.1

or prior to the date hereof, and each of the conditions precedent to the Extension of Credit contained in the Agreement remains satisfied.

(e) The Credit Documents have not been modified, amended or supplemented by any unwritten representations or promises, by any course of dealing, or by any other means not provided for in Section 17(n) of the Agreement. The Agreement and the other Credit Documents are hereby ratified, approved, and confirmed in all respects.

The officer of Borrower Representative signing this instrument hereby certifies that, to the best of his knowledge after due inquiry, the above representations, warranties, acknowledgments, and agreements of Borrowers are true, correct and complete.

IN WITNESS WHEREOF, this instrument is executed as of _____, 2002.

                                          EOTT ENERGY OPERATING LIMITED PARTNERSHIP
                                          As the Borrower Representative

                                          By:  EOTT ENERGY GENERAL PARTNER, L.L.C., its General Partner

                                          By:_____
                                               Susan Ralph
                                               Treasurer

1499098.1